SHIRLEY S. ABRAHAMSON, J. (dissenting).
¶ 59 The majority holds that Sholar's ineffective assistance of counsel claim fails because he is unable to demonstrate that he was prejudiced by trial counsel's failure to object to the submission of Exhibit 79[1] to the jury during deliberations.
¶ 60 Unlike the majority, I find the instant case to be a close call. On the whole, I conclude that Exhibit 79 is so prejudicial that my confidence in the outcome of Sholar's entire trial is undermined.
*108 ¶ 61 Although the majority correctly concludes that prejudice may be determined on a count-by-count basis, the majority acknowledges that there may be circumstances in which trial counsel's deficient performance results in errors that are so prejudicial that the result of the entire trial is undermined.[2]
¶ 62 In State v. Sullivan, the court set forth what constitutes "unfair prejudice." The Sullivan court explained:
Unfair prejudice results when the proffered evidence has a tendency to influence the outcome by improper means or if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish or otherwise causes a jury to base its decision on something *599 other than the established propositions in the case. In this case the danger of unfair prejudice was that the jurors would be so influenced by the other acts evidence that they would be likely to convict the defendant because the other acts evidence showed him to be a bad man.
State v. Sullivan, 216 Wis. 2d 768, 789-90, 576 N.W.2d 30 (citations omitted).
¶ 63 The submission of Exhibit 79 to the jury is an example of an error with such a substantial prejudicial impact that confidence in the result of the entire trial is undermined.
¶ 64 The circuit court aptly recounted the prejudicial nature of Exhibit 79. It described several of the photos contained in Exhibit 79 as "child porn" that "serve[d] to inflame the jury." The circuit court did not "see how a fair trial could be had on the sexual assault count with the jury being given these photos." The circuit court opined that "[t]he messages and the pictures are in my opinion so inflammatory that I think a jury then and there might have convicted him of virtually anything. I do not have confidence in the result as to [the sexual assault] count."
¶ 65 It is hard to imagine anything more prejudicial than submitting child pornography extracted from the defendant's phone to the jury for its consideration during deliberations. Such inflammatory evidence creates a legitimate concern that the jury convicted Sholar not because the State proved every element of the charged crimes beyond a reasonable doubt, but instead to punish Sholar for being a bad man with child pornography on his phone.[3]
*600 ¶ 66 As the circuit court put it, the content of Exhibit 79 is "so inflammatory that I think a jury then and there might have convicted [Sholar] of virtually anything." I agree with the circuit court, and for that reason, I would reverse the court of appeals and remand the instant case to the circuit court for a Machner hearing.
¶ 67 Accordingly, I dissent.

Exhibit 79 is composed of the printed contents of Sholar's phone, including the phone's contact list, text messages, call log, photos, audio files, and two videos. Majority op., ¶ 15.

Majority op., ¶¶ 37-40.

See State v. Sullivan, 216 Wis. 2d 768, 789-90, 576 N.W.2d 30.