COURT OF APPEALS
DECISION
DATED AND FILED

October 1, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1504-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2017CF97**

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

CHRISTOPHER L. DOMINICK,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Waupaca County: RAYMOND S. HUBER, Judge. *Affirmed.*

Before Fitzpatrick, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Christopher Dominick appeals a judgment of conviction. The issue is whether the circuit court properly admitted evidence of other acts. We affirm.

¶2 Dominick was charged with several crimes, including felon in possession of a firearm. A sheriff's deputy testified that the firearm was found behind the driver's seat in a pickup truck that Dominick was driving. The passenger told another officer at the scene that it was hers. The circuit court allowed the State to introduce evidence from Dominick's Facebook account, in the form of content written by him about having and using firearms, including what arguably appeared to be the firearm found in the pickup that Dominick drove. Dominick was convicted, and now appeals.

¶3 Dominick argues that the circuit court erred by admitting the Facebook content as evidence of other acts. He contends that the court failed to explain sufficiently its decision to admit this evidence using the test provided in *State v. Sullivan*, 216 Wis. 2d 768, 576 N.W.2d 30 (1998). His argument focuses on the "acceptable purpose" step of the analysis. *See id.* at 772.

¶4 We agree that the circuit court's discussion of the purpose for the evidence was not detailed. We assume, without deciding, that the discussion was inadequate. Dominick acknowledges that, if this is so, we could affirm the court's decision based on an independent review of the record here, so long as it includes facts that would support the decision, had the court fully exercised its discretion. However, he argues, the record does not contain sufficient facts to conduct such an independent review, and therefore we must conclude the evidence was improperly admitted. More specifically, he argues that the State did not suggest a proper

purpose for the evidence, and the court never identified a proper purpose for admitting it.

¶5     We reject his argument about insufficient facts because the purpose of the evidence was obvious.  Under the definition of "possess" that is used in the elements of felon in possession of a firearm, the State must show that the defendant knowingly had actual physical control of the firearm, or that the firearm was in an area over which the defendant had control and the defendant intended to exercise control over the firearm.  WIS. STAT. § 941.29(1m)(a) (2017-18).[1]

¶6     As described above, the passenger told police that the firearm was hers, and it was found in a location where it plausibly could have rested without Dominick having the required level of control over it—perhaps lacking knowledge that it was there, or perhaps lacking intent to exercise control over it.  Therefore, an obvious potential weakness in the State's case was proving Dominick's knowledge or intent regarding this firearm.  Knowledge and intent are proper purposes for admission of other-acts evidence.  *See* WIS. STAT. § 904.04(2)(a). The Facebook evidence at issue here was probative of both his knowledge of the firearm's presence in the truck and his intent to exercise control over it.

¶7     Dominick argues that there are not sufficient facts to conduct this independent review, but it is not clear what additional facts he believes are necessary.  If his argument is that we cannot conduct an independent review unless the State or circuit court identified a proper purpose for the evidence on the record

_____

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

at the time of the court's decision, he cites no authority for that proposition. This resolves the only issues that he raises on appeal.[2]

¶8 For these reasons, we conclude that the other-acts evidence was properly admitted.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[2] For the first time in his reply brief on appeal, Dominick addresses aspects of the Facebook evidence in some detail, but we do not address these references because they come too late. *See* ***A.O. Smith Corp. v. Allstate Ins. Cos***., 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998) (this court generally declines to consider arguments raised for the first time in a reply brief for reasons of fundamental fairness). We see no good reason in this instance to depart from our general rule against considering late, new arguments by appellants.