COURT OF APPEALS
DECISION
DATED AND FILED

February 19, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP476-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF243

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

ERICE D. GRADY,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Winnebago County: DANIEL J. BISSETT, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Erice D. Grady appeals from a judgment convicting him of first-degree intentional homicide and felon in possession of a firearm. He contends that the circuit court erred in denying his motion to admit other acts evidence. He further contends that the court erred in denying his request to introduce third-party perpetrator evidence. We reject Grady's claims and affirm.

¶2 Grady was convicted following a jury trial of first-degree intentional homicide and felon in possession of a firearm. He was accused of fatally shooting a man with the initials D.D. at the residence of Grady's girlfriend, Karrie Hanson. Hanson and her friend Tawny Bargender were with Grady at the time of the shooting. They identified Grady as the shooter. Grady also implicated himself in statements to others[1] and was seen with a gun even though he could not lawfully possess one due to a prior felony conviction.

¶3 Before trial, Grady filed a motion to admit other acts evidence. Specifically, he sought to present evidence that Hanson had called 911 to report a disturbance with him approximately two-and-one-half months before the shooting. In that call, Hanson reported that Grady had a gun and had been manufacturing crack cocaine. Responding officers did not find evidence of either. Hanson later admitted that she was upset with Grady at the time of the call because he had left her for two weeks before unexpectedly returning. Grady argued that the call constituted a false allegation and undermined Hanson's credibility as a witness. After reviewing the call and relevant police reports, the circuit court denied

---

[1] Grady told two witnesses—Michael Lawrence and Antonio Love—that he had shot someone.

Grady's motion. The court concluded that Grady had failed to prove that the call contained false information.

¶4 Also before trial, Grady filed a request to introduce third-party perpetrator evidence. In particular, Grady wanted to suggest that Bargender had committed the homicide. In making this request, Grady noted that Bargender was at the scene of the shooting and initially fled before returning with her father.[2] He further noted that Bargender had previously been in an intimate relationship with D.D. Ultimately, the circuit court denied Grady's request, finding no direct connection between Bargender and the homicide.

¶5 The case proceeded to trial, and a jury found Grady guilty of first-degree intentional homicide and felon in possession of a firearm. The circuit court sentenced Grady to life in prison along with a concurrent term of imprisonment. This appeal follows.

¶6 On appeal, Grady first contends that the circuit court erred in denying his motion to admit other acts evidence. Again, Grady maintains that Hanson's earlier 911 call constituted a false allegation and undermined her credibility as a witness.

¶7 The admissibility of other acts evidence is determined by using a three-step test that asks: (1) whether the evidence is offered for a permissible

---

[2] Grady also fled the scene of the shooting with a backpack filled with drugs. He returned two hours later and, when approached by police, acted as if he knew nothing about what had happened.

purpose under WIS. STAT. § 904.04(2) (2021-22);[3] (2) whether it is relevant; and (3) whether its probative value is substantially outweighed by the danger of unfair prejudice. *State v. Sullivan*, 216 Wis. 2d 768, 772–73, 576 N.W.2d 30 (1998).

¶8      The decision to admit or exclude other acts evidence is left to the circuit court's discretion. *State v. Hunt*, 2003 WI 81, ¶34, 263 Wis. 2d 1, 666 N.W.2d 771. We generally look for reasons to sustain discretionary decisions. *State v. Lock*, 2012 WI App 99, ¶43, 344 Wis. 2d 166, 823 N.W.2d 378.

¶9      Here, we are satisfied that the circuit court properly denied Grady's other acts motion. As noted by the State, Grady does not dispute that Hanson truthfully reported a disturbance involving him. Likewise, Grady does not appear to dispute that at least on occasion, he was known to carry a gun and was involved with drugs.[4] Thus, regardless of Hanson's motivation for making the 911 call, Grady has not demonstrated that the content of the call was false. Without false content, the call had no relevance or probative value to Hanson's credibility as a witness and could be reasonably excluded.

¶10     Grady next contends that the circuit court erred in denying his request to introduce third-party perpetrator evidence. He insists that there was enough evidence to implicate Bargender as the shooter.

---

[3] Permissible purposes include "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." WIS. STAT. § 904.04(2)(a). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[4] Grady does not respond to either of these points in his reply brief. Thus, we deem them conceded. *See State v. Chu*, 2002 WI App 98, ¶41, 253 Wis. 2d 666, 643 N.W.2d 878 ("Unrefuted arguments are deemed admitted.").

¶11     When a defendant seeks to present evidence that a third party committed the crime for which the defendant is being tried, the defendant must show a "legitimate tendency" that the third party could have committed the crime. *State v. Denny*, 120 Wis. 2d 614, 623, 357 N.W.2d 12 (Ct. App. 1984). The legitimate tendency test requires the defendant to show that the third party had motive, opportunity, and a direct connection to the crime. *Id.* at 623-24.

¶12     Although evidentiary rulings are generally committed to the circuit court's discretion, the decision to exclude third-party perpetrator evidence also implicates a defendant's constitutional right to present a defense. *See State v. Wilson*, 2015 WI 48, ¶47, 362 Wis. 2d 193, 864 N.W.2d 52. We therefore independently review a circuit court's decision to exclude third-party perpetrator evidence as a question of constitutional fact. *Id.*

¶13     Like the circuit court, we fail to see a direct connection between Bargender and the homicide in this case. This was a fatal shooting, and Grady offered no proof that Bargender had or used a gun on the day in question.[5] A police search of her vehicle two hours after the incident produced nothing of evidentiary value. "Mere presence at the crime scene or acquaintance with the victim … is not normally enough to establish direct connection." *Id.*, ¶72.

¶14     We also fail to see Bargender's motive to commit the crime. The fact that Bargender had previously been in an intimate relationship with D.D. is not enough to establish one. Indeed, Bargender testified that while she and D.D. "had issues" since their breakup, they remained on good terms. Grady offered no

---

[5] The only person connected with a gun was Grady, who, according to witnesses, was seen with a gun both the night before the shooting and on the day of the shooting.

5

evidence that Bargender was so embittered by the end of her relationship with D.D. that she would want to kill him.

¶15 In the end, Grady did not present sufficient evidence to take his theory of Bargender's guilt "beyond mere speculation." *Id.*, ¶59. Accordingly, we conclude that the circuit court properly excluded it.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.