State of Wisconsin, Plaintiff-Respondent,
v.
Paul F. Wischer, Defendant-Appellant.
No. 03-1820-CR.
Court of Appeals of Wisconsin.
Opinion Filed: June 30, 2004.
Before Brown, Nettesheim and Snyder, JJ.
¶ 1 PER CURIAM.
Paul F. Wischer appeals from a judgment of conviction of repeated sexual assault of the same child and from an order denying his postconviction motion for a new trial. He argues that other acts evidence was improperly admitted, that he should have been allowed to present evidence that the victim's mother had made a previous unfounded suggestion that the victim was sexually assaulted by Wischer, that the prosecutor's publication to the jury of a redacted portion of his statement required a mistrial, and that he was denied the effective assistance of counsel when counsel failed to object to the prosecutor's closing comment. He also seeks a new trial in the interests of justice under WIS. STAT. § 752.35 (2001-02).[1] We conclude there was no trial error and affirm the judgment and order.
¶ 2 Wischer was charged for repeatedly engaging in sexual contact with two step-grandchildren, Patricia G. and Michael G., during times when the children were at his house. The charges regarding each victim were severed for trial. This appeal only concerns the trial and conviction for the sexual assault of Patricia.[2]
¶ 3 At trial, a statement Wischer gave to police in 1977 was admitted. The statement concerned allegations that he had sexually assaulted his stepdaughter Laurie W., Patricia's mother. The retired investigating police officer testified about how the statement was obtained and then read Wischer's statement, portions of which were excised.[3] Wischer's statement admitted that he had showered with the then nine-year-old Laurie, that she had played with his penis until he climaxed, and that over a six-month period he had played with her vagina and kissed her breasts and vagina. Wischer had stated that he knew what he was doing was wrong and that he was quitting.
¶ 4 Wischer argues that admission of this other acts evidence was improper. The admissibility of other acts evidence is addressed by using the threestep analysis: (1) Is the other acts evidence offered for an acceptable purpose under WIS. STAT. § 904.04(2), such as establishing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident?; (2) Is the other acts evidence relevant, considering the two facets of relevance set forth in § 904.01?; and (3) Is the probative value of the other acts evidence substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or considerations of undue delay, waste of time, or needless presentation of cumulative evidence? State v. Sullivan, 216 Wis. 2d 768, 771-73, 576 N.W.2d 30 (1998). "[A]longside this general framework, there also exists in Wisconsin law the longstanding principle that in sexual assault cases, particularly cases that involve sexual assault of a child, courts permit a `greater latitude of proof as to other like occurrences.'"State v. Davidson, 2000 WI 91, ¶ 36, 236 Wis. 2d 537, 613 N.W.2d 606 (quoted source omitted). The greater latitude rule applies to each step of the three-step analysis. Id. at ¶ 51. We review the trial court's decision to admit other acts evidence for a proper exercise of discretion. Id. at ¶ 53.
¶ 5 Wischer contends that in determining relevance of the evidence, the remoteness in time of the 1977 assaults renders the evidence inadmissible.[4] One consideration in determining relevancy "is whether the evidence has probative value, that is, whether the other acts evidence has a tendency to make the consequential fact or proposition more probable or less probable than it would be without the evidence." Sullivan, 216 Wis. 2d at 772. The probative value is measured by the similarity of the charged offense to the other acts in terms of nearness of time, place and circumstance. State v. Hammer, 2000 WI 92, ¶ 31, 236 Wis. 2d 686, 613 N.W.2d 629. "[R]emoteness in time does not necessarily render the evidence irrelevant," State v. Mink, 146 Wis. 2d 1, 16, 429 N.W.2d 99 (Ct. App. 1988), and "remoteness must be considered on a case-by-case basis." Hammer, 236 Wis. 2d 686, ¶ 33. For that reason we summarily reject Wischer's contention that the expiration of the statute of limitations on past conduct should serve as a bright line rule to cut off the admissibility of such conduct as too remote.
¶ 6 Here the other acts occurred twenty years before the commission of the charged offense. The trial court noted the remarkable similarities between the 1977 acts and the charged offense. The same conduct occurred, in the same home, and under the same circumstances where there was a family relationship and Wischer was an authority figure to the young victim. The remoteness in time is counterbalanced by the striking similarity in the assaults. See id., ¶ 33; Mink, 146 Wis. 2d at 16. Further, like in State v. Opalewski, 2002 WI App 145, ¶ 22, 256 Wis. 2d 110, 647 N.W.2d 331, the passage of time enhances the relevance and probative value of the other acts evidence because it is established the generational nature of Wischer's conduct. The other acts evidence was not too remote to be relevant.
¶ 7 Wischer further argues that the prejudicial nature of the other acts evidence outweighed its probative value. "Unfair prejudice arises either when the evidence admitted has a tendency to influence the outcome of the jury deliberations by the use of improper means, or when it arouses in the jury a sense of horror or desire to punish." Id. at ¶ 23. Although the 1977 statement described penile contact and the charged offense did not, that dissimilarity does not render the other acts evidence unduly prejudicial in light of the connection between the acts as involving a familial relationship. See State v. Tabor, 191 Wis. 2d 482, 494-95, 529 N.W.2d 915 (Ct. App. 1995) (that the type of contact was different did not render the evidence inadmissible because both incidents involved a minor child and arose within a familial or quasi-familial situation). In recognition of the potential for prejudice, the trial court did not allow the prosecutor to question Laurie about the 1977 assaults. Wischer's 1977 statement was redacted so that in the end only a small amount of the statement was read to the jury. A cautionary instruction was given that the other acts evidence was to be only considered on the issues of motive and intent. The instruction served to eliminate or minimize the potential for unfair prejudice. Hammer, 236 Wis. 2d 686, ¶ 36. Having exercised its discretion to reduce the prejudicial effect, the trial court properly admitted the other acts evidence.
¶ 8 The prosecutor filed a motion in limine to exclude evidence that about ten years before the charged assaults occurred, Laurie took a dress that then two-year-old Patricia had been wearing while alone with Wischer to the police to have a stain tested for semen and that no semen was detected. Wischer wanted to demonstrate that this incident was one in a long line of situations that Laurie used to try and get Wischer in trouble. It was Wischer's theory that Laurie played a large role in the generation of her children's allegations that they had been assaulted by Wischer and that she intended to use the assault allegations to gain leverage within the family. The trial court ruled that the evidence was not relevant or probative to the theory of defense. Evidentiary rulings, particularly relevancy determinations, are left to the broad discretion of the trial court and will not be upset on appeal unless the court erroneously exercised its discretion. State v. Lindh, 161 Wis. 2d 324, 348, 468 N.W.2d 168 (1991). The trial court has properly exercised its discretion if a reasonable basis exists for the determination. Id. at 349.
¶ 9 We first clarify the nature of the evidence. Wischer characterizes it as evidence of an unsupported accusation of sexual assault. However, that characterization is not appropriate in light of Laurie's request that nothing be done if semen was not found. It is unfair to suggest that the taking of the dress to police for testing was a prior false allegation. Further, Wischer suggests that the evidence is like other acts evidence and that the greater latitude rule should apply. The evidence is not other acts evidence but rather impeachment evidence. The greater latitude rule does not apply.
¶ 10 The trial court excluded the evidence about the submission of the dress because it found that it was not probative to Laurie's motive to get Wischer in trouble. It found that if Laurie acted for the purpose of getting Wischer in trouble, she would have demanded charges against Wischer without requesting that the stain first be tested for semen. The trial court's conclusion has a reasonable basis. Further, even if relevant, because of its remoteness in time and the negative results, admission of the evidence would have taken the jury too far afield from the defense theory. See WIS. STAT. § 904.03 (relevant evidence may be excluded if its probative value is substantially outweighed by the confusion of the issues). We conclude that the trial court properly exercised its discretion in excluding the evidence that the dress was submitted for testing.
¶ 11 Wischer's statement to police about Patricia's allegations was read to the jury at trial by the investigating officer. The parties agreed to redact from the statement the paragraph in which Wischer addressed Michael's allegations. The prosecutor provided each juror a copy of the statement and proceeded line by line through the statement during the officer's testimony. The prosecutor then realized that he was using a copy of the statement that was not redacted and that the statement published to the jury was not redacted. Before reaching the last paragraph of the statement pertaining to Michael, the prosecutor requested an adjournment and collected the copies given to the jury. Out of the presence of the jury the prosecutor explained his mistake. Wischer moved for a mistrial and the motion was denied.
¶ 12 Wischer argues that his motion for mistrial should have been granted because he was unfairly prejudiced by disclosure to the jury of the redacted portion of the statement. In exercising its discretion on a motion for mistrial, the trial court must determine, "in light of the whole proceeding, whether the claimed error was sufficiently prejudicial to warrant a new trial." State v. Ross, 2003 WI App 27, ¶ 47, 260 Wis. 2d 291, 659 N.W.2d 122, review denied, 2003 WI 91, 262 Wis. 2d 501, 665 N.W.2d 375 (Wis. June 12, 2003) (No. 02-0121-CR). The trial court's decision will be reversed only on a clear showing that the court erroneously exercised its discretion. State v. Adams, 223 Wis. 2d 60, 83, 588 N.W.2d 336 (Ct. App. 1998).
¶ 13 We conclude that the trial court properly exercised its discretion. The parties agreed that the prosecutor's mistake was unintentional. The trial court found that the jury had been in possession of the statement for at the most ten minutes. The redacted paragraph regarding Michael was at the bottom of the first page of the statement. Only if jurors read ahead would they have observed that paragraph. The paragraph concerning Michael was not directly referenced. Also, the court found that portion of the statement to be exculpatory in nature since Wischer denied that anything had happened with Michael. The court anticipated that the jurors would be instructed in several forms that they were only to consider the evidence received in court. It found that the instructions would alleviate any prejudice. Finally, in an effort to not draw attention to the fact that the paragraph was redacted from the statement, the court directed the prosecutor to utilize the defense's "blow-up" of the redacted version of the statement when questioning resumed. It advised the jury that the "blow-up" was being used for convenience of the court and simplicity. The record and the trial court's efforts to minimize any prejudice resulting from the publication to the jury support the determination that the error did not unfairly taint the jury or require a mistrial.
¶ 14 The prosecutor's last comments in closing argument were: "Give [Patricia G.,] give Laurie [W.] justice. Find the defendant guilty." Wischer argues that trial counsel was ineffective for not objecting to this closing remark and thereby waiving Wischer's right to challenge the closing argument on appeal. See State v. Guzman, 2001 WI App 54, ¶ 25, 241 Wis. 2d 310, 624 N.W.2d 717 (claimed error in closing argument waived when no contemporaneous objection is made). Counsel testified that had he heard the prosecutor's last remark, he would have objected because he believed the other acts evidence concerning Laurie was the most damaging to the defense.
¶ 15 In order to find that trial counsel was ineffective, the defendant must show that counsel's representation was deficient and prejudicial. State v. Thiel, 2003 WI 111, ¶ 18, 264 Wis. 2d 571, 665 N.W.2d 305. Whether counsel's actions constitute ineffective assistance is a mixed question of law and fact. Id. at ¶ 21. The trial court's findings of what counsel did and the basis for the challenged conduct are factual and will be upheld unless clearly erroneous. Id. However, whether counsel's conduct amounted to ineffective assistance is a question of law which we review de novo. Id. If we conclude on a threshold basis that the defendant could not have been prejudiced by trial counsel's performance, we need not address whether such performance was deficient. See State v. Kuhn, 178 Wis. 2d 428, 438, 504 N.W.2d 405 (Ct. App. 1993). To establish prejudice, the defendant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's errors. State v. Pitsch, 124 Wis. 2d 628, 642, 369 N.W.2d 711 (1985). Reasonable probability contemplates a probability sufficient to undermine confidence in the outcome. Id. Here we move directly to the second prong of the test because we conclude that Wischer was not prejudiced by his trial counsel's failure to object to the prosecutor's last remark.
¶ 16 The prosecutor's remark referred to Laurie as the victim's mother and did not suggest that justice should be afforded for the 1977 assaults of Laurie herself. Given the familial nature of the assaults, the reference to the victim's mother was appropriate. Even if the jury construed the comment as asking for justice for the 1977 assaults, the jury was instructed that it should only consider the evidence before it. Wischer argued in closing that the verdict was not to be based on what happened twenty-five years earlier. Additionally, the trial court found that it would not have granted a motion for mistrial if one had been timely made because the comment, in the context of the entire two-day trial, was not unduly prejudicial. We agree. The evidence at trial regarding the assaults against Laurie was not detailed so as to ignite the emotions or the passion of the jury regarding the 1977 assaults. Laurie's own testimony was brief and served to highlight her involvement as the victim's mother. The prosecutor's comment was not exaggerated in that respect.
¶ 17 Finally, Wischer seeks a new trial in the interests of justice on the grounds that the real controversy was not fully tried. WIS. STAT. § 752.35. He relies on the claims of error that we have rejected. A final catch-all plea for discretionary reversal based on the cumulative effect of non-errors cannot succeed. State v. Marhal, 172 Wis. 2d 491, 507, 493 N.W.2d 758, (Ct. App. 1992).
By the Court.Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] The charge of first-degree sexual assault of a child pertaining to Michael was ultimately dismissed.
[3] The trial court ruled that Laurie could not testify about the prior sexual assaults perpetrated by Wischer against her.
[4] Wischer does not challenge that the other acts evidence was offered for an admissible purpose under WIS. STAT. § 904.04(2). He argues for the first time in his reply brief that the evidence was merely propensity evidence and not probative of motive and intent. If alleged error is not discussed in the main brief, it may not be raised in the reply brief. State v. Chu, 2002 WI App 98, ¶ 42 n.5, 253 Wis. 2d 666, 643 N.W.2d 878.