State of Wisconsin, Plaintiff-Respondent,
v.
Joey M. Fane, Defendant-Appellant.
No. 04-0981-CR.
Court of Appeals of Wisconsin.
Opinion Filed: January 27, 2005.
Before Deininger, P.J., Dykman and Vergeront, JJ.
¶1 PER CURIAM.
Joey Fane appeals a judgment convicting him of being a party to the crime of first-degree intentional homicide by use of a dangerous weapon and possession of a firearm by a felon, each as a repeat offender. He challenges the exclusion of evidence of a beating that he claimed affected his cognitive functioning; he also challenges the denial of two requested jury instructions relating to intoxication. We affirm for the reasons discussed below.

BACKGROUND
¶2 Fane did not dispute that he shot and killed Dennis Richmond in the early morning hours of June 6, 1998. His defense theory was that he was too intoxicated at the time to form the requisite intent or volition to pull the trigger.
¶3 Fane testified that he began drinking beer sometime before noon on June 5, and continued drinking throughout the afternoon and early evening. Later that evening, Fane went out with his friends and drank more beers and the equivalent of three mixed drinks. Sometime between 1:30 and 2:00 a.m., Fane and his friends got into a fight outside a nightclub with another group of people. Fane and his friends left the nightclub after the police broke up the fight, and Fane vomited shortly thereafter from intoxication.
¶4 After stopping several times, switching cars, and picking up a ninemillimeter gun, Fane and two of his friends began driving around the streets until they saw Dennis Richmond, who had been present at the fight at the nightclub earlier. Fane exited the car with the gun in his hand, covered by a white towel. Richmond noticed the gun, and told Fane something along the lines of, "There you go. You got a gun again. You're pointing it at people, and you ain't got the guts to use it." Fane said he pointed the gun at Richmond's head from about a foot to a yard away until it went off about ten or fifteen seconds later. Fane claimed that he did not intentionally pull the trigger, and would not have pointed or fired the gun at Richmond if he had been sober.
¶5 Fane also sought to produce testimony from Cynthia Bishop and from his mother, Christine Fane. He made an offer of proof that Bishop would have testified that she was a trauma nurse who had witnessed Fane being beaten several months after the shooting. She could see that Fane suffered a severe head injury from the beating and would have died at the scene if she had not opened his airway. Christine Fane would have testified that she had observed that her son often stared into space, spoke more slowly, had problems with long-term memory, and could no longer remember certain events from his childhood after the beating.
¶6 Fane claimed that evidence of the beating would be relevant to his credibility. The trial court reserved ruling on whether or not Fane would be allowed to present evidence of the beating until after it had an opportunity to observe for itself Fane's ability to testify. After hearing Fane testify, the trial court excluded any evidence of the beating because it did not observe any mental impairment during his testimony, and Fane had not offered any expert testimony to that effect. The trial court also denied two jury instructions Fane had requested relating to the effect of intoxication on his ability to form the required intent or volition to pull the trigger.

DISCUSSION

Evidence of Beating
¶7 To be admissible, evidence must be relevant under WIS. STAT. §§ 904.01 and 904.02 (2003-04),[1] meaning that it must relate to a fact or proposition of consequence to the determination of the action, and its probative value must substantially outweigh the danger of unfair prejudice or confusion of issues under WIS. STAT . § 904.03. State v. Sullivan, 216 Wis. 2d 768, 785-90, 576 N.W.2d 30 (1998). The admissibility of evidence lies within the trial court's discretion. Martindale v. Ripp, 2001 WI 113, ¶28, 246 Wis. 2d 67, 629 N.W.2d 698. Therefore, we will not set aside the trial court's decision so long as the court considered the facts of record under the proper legal standard and reasoned its way to a rational conclusion. Burkes v. Hales, 165 Wis. 2d 585, 590-91, 478 N.W.2d 37 (Ct. App. 1991).
¶8 Fane claims on appeal that evidence of his beating would have been relevant to show why he could not remember how he came to pull the trigger. However, Fane did not testify that he could not recall why or how he pulled the trigger or that he had forgotten anything else from that evening. Nor did Fane cite an inability to remember why or how he had pulled the trigger as his theory of relevance for the evidence of his beating. Rather, defense counsel argued that evidence of the beating was "relevant with respect to my client's testimony on the stand with respect to his slowness in responding to questions," and told the court he would like the jury to know that Fane's "ability to remember, think clearly, and speak clearly" had been affected by the beating before turning Fane over for crossexamination. In other words, defense counsel did not want the jury to make adverse inferences about Fane's credibility without understanding that there was a reason other than prevarication why Fane might have had difficulty testifying.
¶9 As it turned out, however, Fane testified with specificity and certainty as to the events leading up to and following the shooting, including an assertion that he did not intend to shoot Richmond. Defense counsel conceded after Fane's direct testimony that Fane had not had any problems testifying up to that point, and further acknowledged after Fane had finished testifying that he did not think the record would support any perceived mental impairment of his client. Counsel's concessions were consistent with the trial court's own finding that Fane did not demonstrate any diminished mental capacity on the stand. Since Fane did not demonstrate any difficulty in testifying, the trial court reasonably determined that the jury had no need of any explanation as to why he might have had difficulty testifying, and properly excluded the proffered testimony about the beating on relevancy grounds.

Jury Instructions
¶10 Fane asked the trial court to instruct the jury on the voluntary intoxication defense set forth in WIS. STAT. § 939.42(2), which provides that the intoxicated state of an actor is a defense if the condition "negatives the existence of a state of mind essential to the crime." Because intent to kill is an essential element of first-degree intentional homicide, a defendant who was incapable of forming the requisite intent due to intoxication cannot be guilty of that offense. State v. Strege, 116 Wis. 2d 477, 482, 343 N.W.2d 100 (1984). However, "[e]vidence of a lesser state of intoxication which does not meet the legal standard of the degree of intoxication which forms a defense to a crime is insufficient to warrant an instruction on the issue." Id. at 484.
An abundance of evidence which does not meet the legal standard for the defense will not suffice. There must be some evidence that the defendant's mental faculties were so overcome by intoxicants that he was incapable of forming the intent requisite to the commission of the crime. A bald statement that the defendant had been drinking or was drunk is insufficientinsufficient not because it falls short of the quantum of evidence necessary, but because it is not evidence of the right thing. In order to merit an intoxication instruction in this case, the defendant must point to some evidence of mental impairment due to the consumption of intoxicants sufficient to negate the existence of the intent to kill.
Id. at 486.
¶11 We agree with the trial court that Fane failed to produce sufficient evidence to warrant a voluntary intoxication instruction. He testified with great detail about the events of the evening, and nothing in his account suggested that he was so mentally impaired as to be unable to form the requisite intent. To the contrary, he had the presence of mind to hold the gun with a cloth and aim it directly at the victim's head for several seconds before pulling the trigger, and was able to recount what he was thinking after the gun went off. Fane also failed to offer any expert testimony that the amount of alcohol he had consumed would likely have negated his ability to form the requisite intent. In sum, the evidence offered amounted to little more than a bare assertion that he was intoxicated, similar to the assertions which were found insufficient to warrant voluntary intoxication instructions in Strege, id. at 484, and Larson v. State, 86 Wis. 2d 187, 198, 271 N.W.2d 647 (1978).
¶12 Fane also asked for a similar instruction stating,
To convict the defendant of intentional homicide, you must find that he knew that he was pulling the trigger of the gun hard enough to cause it to fire. If the defendant was so intoxicated that he did not realize he was pulling the trigger hard enough to cause it to fire, you must find him not guilty of intentional homicide.
If the instructions actually given were adequate, however, the failure to give specially requested instructions is not reversible error, even if the special instructions would not have been erroneous. State v. Amos, 153 Wis. 2d 257, 278, 450 N.W.2d 503 (Ct. App. 1989). Here, the trial court properly instructed the jury that it could not find Fane guilty unless it found that he acted with the intent to kill. If the jury had found that Fane had pulled the trigger accidentally or without any volition, it could not have concluded that he acted with intent to kill. There was no separate knowledge or volition requirement. Therefore, the instruction given was adequate to encompass the defense theory, and the trial court did not err in refusing to give the additional instruction.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.