SHIRLEY S. ABRAHAMSON, C.J.
I 106. (■dissenting). I agree with the decision of the court of appeals on the issue of the other-acts evidence.[1]1, like the court of appeals, conclude that the circuit court erroneously exercised its discretion in admitting the State's other-acts evidence.
¶ 107. The admissibility of other-acts evidence is governed by Wis. Stat. § 904.04(2). Other-acts evidence is not admissible "to prove the character of a person in order to show that the person acted in conformity therewith" or to show that the defendant has a propensity to commit crimes.[2] Other-acts evidence introduced for a different purpose is admissible so long as the evidence is relevant to a permissible purpose and its probative value is not substantially outweighed by the danger of unfair prejudice.[3]
¶ 108. I agree with the court of appeals that the other-acts evidence introduced by the State fails each prong of the three-prong analysis set forth in State v. Sullivan, 216 Wis. 2d 768, 772, 576 N.W.2d 30 (1998).[4] The State offered other-acts evidence in order to show that the defendant is a bad person with a propensity to sexually assault children. The State sought to persuade the jury, in violation of Wis. Stat. § 904.04(2)(a), *595 that the assaults alleged in the State's complaint were committed by the defendant in conformity with his criminal character and propensity to sexually assault children.
¶ 109. If the State's other-acts evidence is relevant to show more than the defendant's criminal character or propensity to sexually assault children (and it is not), its probative value is substantially outweighed by the danger of unfair prejudice.[5] Evidence that the defendant "committed repeated acts of incest against his sister was likely to arouse the jury's sense of horror and provoke its instinct to punish."[6] The limiting instructions provided by the circuit court did not, in my view, cure the unfair prejudice and thus "do not sway this balance . . . ."[7]
¶ 110. An erroneous exercise of discretion in admitting the State's other-acts evidence does not necessarily lead to a new trial.[8] Rather, this court must determine whether the error was harmless.[9]
¶ 111. In the instant case, the State properly conceded at the court of appeals that if its other-acts evidence was erroneously admitted, the error was not harmless.[10] The State does not assert harmless error in its brief before this court.[11]
*596 ¶ 112. I agree with the court of appeals that the error was not harmless and would therefore grant the defendant a new trial.
¶ 113. By denying the defendant relief in the instant case, the majority opinion adds to the growing body of case law whittling away at the protections afforded to defendants by Wis. Stat. § 904.04(2). As Justice Bradley wrote over a decade ago:
Rather than endeavoring to stretch beyond repair the definitions of the acceptable purposes [for other-acts evidence under Wis. Stat. § 904.04(2)(a)], the majority should simply lay all its cards on the table and acknowledge that it is sanctioning the blanket use of propensity evidence in child sexual assault cases. [Instead], the majority maintains its refuge under the cloak of the very statute it simultaneously erodes... ,[12]
¶ 114. For the reasons set forth, I dissent.
¶ 115. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.

 State v. Hurley, No. 2013AP558—CR, unpublished slip op., at 23-24 (Wis. Ct. App. May 6, 2014).

 State v. Marinez, 2011 WI 12, ¶ 18, 331 Wis. 2d 568, 797 N.W.2d 399.

 Id.

 The three-prong test set forth in State v. Sullivan, 216 Wis. 2d 768, 772, 576 N.W.2d 30 (1998), is discussed in ¶ 57 of the majority opinion.

 See Wis. Stat. § 904.03.

 Hurley, No. 2013AP558-CR, unpublished slip op., at 23.

 Marinez, 331 Wis. 2d 568, ¶ 77.

 Martindale v. Ripp, 2001 WI 113, ¶ 30, 246 Wis. 2d 67, 629 N.W.2d 698.

 Id.

 Brief (in Court of Appeals) of the State as Appellant and Cross-Respondent at 34.

 Brief (in Supreme Court) of the State as Plaintiff-Appellant-Cross-Respondent-Petitioner at 44 n.8.

 State v. Davidson, 2000 WI 91, ¶ 109, 236 Wis. 2d 537, 613 N.W.2d 606 (Bradley, J., dissenting).