PER CURIAM.
¶1 James Norwood appeals from a judgment, entered upon a jury's verdict, for one count of second-degree sexual assault with use of force. See WIS. STAT. § 940.225(2)(a) (2015-16).[1] Norwood argues that the trial court erroneously exercised its discretion when it denied Norwood's pretrial motion to admit other acts evidence concerning the victim, P.J. We reject his arguments and affirm.
BACKGROUND
¶2 The criminal complaint alleged that Norwood went to the home of his ex-girlfriend, P.J., late one night in 2015. P.J. allowed Norwood into the home, but she indicated that she would not have sexual intercourse with him. Norwood had sexual intercourse with P.J. anyway. P.J. was later able to leave the bedroom and call the police. Officers arrested Norwood, who had fallen asleep in P.J.'s bed.
¶3 The case proceeded to trial, where Norwood's defense was that the sexual intercourse was consensual, that P.J. called 911 to get Norwood out of her house because she had to leave early in the morning, and that P.J. made up the story about having been sexually assaulted when the 911 operator began asking follow-up questions.
¶4 The morning of trial, Norwood filed a motion in limine seeking to admit other acts evidence concerning a paternity action involving P.J. and Norwood. The motion alleged that in 2011, P.J. "brought a paternity petition alleging that [Norwood] was the father of her child."[2] The motion continued:
[Norwood] denied being the father as he had not been sexually active with [P.J.] during the conceptive period of the pregnancy. During the pendency of that proceeding, [P.J.] became irate with [Norwood] for his denial of paternity and, on different occasions, she loudly and viciously verbally attacked the defendant for his refusal to admit that he was the father of her child. One such attack occurred outside of the paternity courtroom.... DNA tests were ordered by the court and the result of that test excluded [Norwood] as the father of that child.
Norwood's motion asserted that P.J. had made a "false allegation" that she was impregnated by Norwood and that he should be able to introduce evidence of that false allegation at trial for four reasons:
1. It goes to the issue of the alleged victim's credibility and her willingness to lie in court[.]
2. It will allow the jury to assess the alleged victim's demeanor and her ability to obfuscate.
3. It demonstrates her vindictive motivation to seek revenge against the defendant stemming from her public embarrassment and humiliation suffered after she publicly remonstrated the defendant for his failure to accept responsibility for his child and her persistent and public denunciation of him for his failure to do so.
4. It demonstrates the alleged victim's willingness to rationalize her behavior and to accuse innocent persons of her mistakes and shortcomings.
¶5 Although Norwood's motion did not reference the term "other acts" evidence, case law, or statutes, the State said that it appeared to be a motion concerning the admission of evidence of a prior bad act by the victim.[3] See WIS. STAT. § 904.04(2). The State opposed the motion. It argued that the motion did not demonstrate that P.J. had a credibility issue and that the proffered evidence was not relevant. The State explained:
I think it's reasonable that [P.J.] may have been mistaken, may have filed a paternity action in error, and I think there's a pretty big jump to go from her filing a paternity action and saying that shows certainly that she's lying to the [c]ourt and she's rationalizing her behavior and accusing innocent persons. So I think the relevance of this is pretty low.
The State also argued that the event occurred four years earlier and that it was unlikely that P.J. "would wait four years to frame the defendant in this manner." Finally, the State argued that the evidence was barred by Wisconsin's rape shield statute, WIS. STAT. § 972.11.
¶6 The trial court denied the motion. It rejected Norwood's claim that the existence of the paternity action would demonstrate that P.J. had falsely accused Norwood of being the father of her child, and it concluded that the evidence would therefore not be relevant under WIS. STAT. § 904.01. The trial court also found that even if the evidence was relevant, it should not be admitted consistent with WIS. STAT. § 904.03, which permits a court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The trial court further found that the proffered evidence would violate the rape shield statute, WIS. STAT. § 972.11, "because it isn't a statement that in this case that ... Mr. Norwood is the father of the child, but it's a statement that she had sexual relations with him during the conceptual period."
¶7 The case proceeded without the introduction of evidence concerning the paternity action. The jury found Norwood guilty of one count of second-degree sexual assault with use of force, but it found him not guilty of one count of strangulation and suffocation. The trial court sentenced Norwood to ten years of initial confinement and ten years of extended supervision. This appeal follows.
DISCUSSION
¶8 "The question of admissibility of evidence generally lies within the trial court's discretion." State v. Dukes , 2007 WI App 175, ¶26, 303 Wis. 2d 208, 736 N.W.2d 515. At issue in this case is whether the trial court erroneously exercised its discretion when it ruled that Norwood could not introduce other acts evidence concerning the prior paternity action involving Norwood and P.J. "[T]he ultimate question 'is not whether this court would have admitted the other [acts] evidence, but whether the trial court exercised its discretion in accordance with accepted legal standards and in accordance with the facts of record.' " See State v. Payano , 2009 WI 86, ¶51, 320 Wis. 2d 348, 768 N.W.2d 832 (citation omitted; second set of brackets in Payano ). We will uphold the trial court's decision "unless it can be said that no reasonable judge, acting on the same facts and underlying law, could reach the same conclusion."See id. (citation omitted).
¶9 Norwood asks this court to evaluate the trial court's ruling using the three-part test outlined in State v. Sullivan , 216 Wis. 2d 768, 772-73, 576 N.W.2d 30 (1998), even though Norwood's trial court motion and trial counsel's oral argument did not reference the case or ask the trial court to apply that test. Under Sullivan 's three-part test, the trial court must consider three questions to determine whether other acts evidence should be admitted:
(1) Is the other acts evidence offered for an acceptable purpose under [ WIS. STAT. §] 904.04(2), such as establishing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident?
(2) Is the other acts evidence relevant, considering the two facets of relevance set forth in [ WIS. STAT. §] 904.01 ? The first consideration in assessing relevance is whether the other acts evidence relates to a fact or proposition that is of consequence to the determination of the action. The second consideration in assessing relevance is whether the evidence has probative value, that is, whether the other acts evidence has a tendency to make the consequential fact or proposition more probable or less probable than it would be without the evidence.
(3) Is the probative value of the other acts evidence substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence? See [ WIS. STAT. §] 904.03.
Sullivan , 216 Wis. 2d at 772-73 (footnote omitted). "The party seeking to admit the other acts evidence bears the burden of establishing that the first two prongs are met by a preponderance of the evidence." State v. Hurley , 2015 WI 35, ¶58, 361 Wis. 2d 529, 861 N.W.2d 174 (citation and hyphen omitted). If the proponent satisfies those first two prongs, "the burden shifts to the party opposing the admission of the other acts evidence to show that the probative value of the evidence is substantially outweighed by the risk or danger of unfair prejudice." Id. (citation and hyphen omitted).
¶10 Although the trial court did not reference Sullivan , It Explicitly Determined That the Evidence Was Not Relevant Under WIS. STAT. § 904.01, which is the second part of the three-part Sullivan test. See id. , 216 Wis. 2d at 772. We are not persuaded that the trial court erroneously exercised its discretion when it did so. The fact that Norwood was named in the paternity action and was ultimately determined not to be the child's biological father does not prove that Norwood and P.J. did not have sexual intercourse or that P.J. intentionally lied when she identified Norwood as a potential father of her child. For instance, P.J. may have erroneously believed that she and Norwood had sexual intercourse during the conceptive period. Because the proffered evidence did not prove that P.J. lied, we are not persuaded that the trial court erroneously exercised its discretion when it excluded the proffered evidence on relevance grounds. Norwood is not entitled to relief.
¶11 In light of this conclusion, we need not address whether Norwood satisfied the other prongs of the Sullivan test, whether the evidence was also properly excluded pursuant to the rape shield statute, or the State's alternative argument concerning harmless error. See State v. Blalock , 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground."). We affirm the judgment.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The motion did not contain any documentary evidence concerning the paternity case. Trial counsel told the trial court that he tried to obtain documents related to the paternity action but was denied access due to the confidential nature of paternity proceedings.

On appeal, Norwood explicitly cites Wis. Stat. § 904.04(2) and asserts that he was trying to introduce the evidence to prove P.J.'s "motive" in making a false allegation against him and her "intent" to tell a lie. See id.