PER CURIAM.
¶1 Richard Moreno appeals from a judgment convicting him of first-degree sexual assault of a child under the age of twelve and incest with a child. The sole issue on appeal is a challenge to the circuit court's admission of other acts evidence at trial. We conclude the court properly exercised its discretion in admitting the evidence and therefore affirm.
BACKGROUND
¶2 The sexual assault and incest charges both arose out of an incident in the summer of 2015. Moreno's eleven-year-old daughter, Mary,[1] alleged that she awoke to find her father lying next to her on the living room floor of his trailer home where she had been sleeping, with him touching her face and lips. Mary stated that her father first put his finger in her mouth, and then put his "private" in her mouth. When questioned by police about the allegation, Moreno denied having placed his penis in his daughter's mouth. Instead, Moreno claimed that Mary had removed his penis from his pants while he was sleeping, and that she attempted to place it between her legs.
¶3 The other acts evidence was based upon an incident in May 2009. An eighteen-year-old girl, Ann, alleged that she awoke on the living room floor of Moreno's trailer where she had fallen asleep after drinking too much alcohol at a party, to find a man taking off her clothes. The man-whom Ann at first mistakenly thought to be her boyfriend-performed oral sex on her, engaged in intercourse with her, and then pushed her head down to have her perform oral sex on him. During the assault, Ann ran her hand through Moreno's hair and asked him what had happened to his afro. Moreno responded that he had shaved it off. When questioned by police about the allegation, Moreno claimed that he had been sleeping on the couch, when he awoke to find Ann on top of him with his penis out of the opening in his pajamas. Moreno was forty-seven years old at the time of this incident.
¶4 The circuit court admitted the other acts evidence over Moreno's objection. The court explained its decision as follows:
The Court's going to make its ruling, okay? And based on what I hear when I look at that. Again, does [Ann's] statement of other acts, does that fit within an exception under [ WIS. STAT. §] 904.04(2) and the Court does find that it falls under one of those exceptions and [it is] relevant to the case. Definitely it is relevant to the case. Again, to show a number of those different factors that are outlined as one of the options but it comes to the Court's mind the motive, intent, absence of mistake, those sorts of things that they could argue that the incident that was explained by [Ann] shows.
Now, when you take and you look at the circumstances that were involved and even though there is a difference in age, the Court finds that these circumstances have such similarities. You have the overnight sleepover or the invited guests to sleep over that the defendant in each of the occasions chooses not to sleep in a bedroom rather than the living room with these other young girls or young female adults that he chooses-and the Court-and, certainly, when you look at the overall plan that it's-has those consistencies that is startling to the Court.
And when you listen to the explanations-and sure it can be played out, certainly the defense can raise defenses to [Ann] that they can't raise in the fact of the minors. But the similarities are just too great when you apply the greater latitude that the Courts have in being able to use other acts evidence in the sexual contact and assaults of minor children that certainly when you look at the similarities that are created in relating to [Ann] that are so similar to the other two minors that even though the Court-and the Court, I've read a dozen cases on this trying to figure out the appropriateness of allowing these acts but in this case the acts are just too similar. The motive or the arrangements that took place to allow it to occur by the defendant are too great and to me they-the probative value outweighs the prejudicial effect and I'm going to allow it.
Ann's trial testimony was consistent with the proffer presented in the motion in limine. Ann's boyfriend, another daughter of Moreno's who was at the party, and two deputies involved in the investigation also testified about the May 2009 incident. Moreno was convicted[2] and now appeals, renewing his challenge to the admission of the other acts evidence involving Ann.
DISCUSSION
¶5 As a general matter, evidence of "other crimes, wrongs, or acts is not admissible to prove the character of the victim to show that the person acted in conformity therewith." WIS. STAT. § 904.04(2)(a) (2015-16).[3] Nonetheless, other acts evidence may be admitted to show some motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident that reduces the possibility that the charged conduct was innocent. Id. Such evidence still must be relevant under WIS. STAT. §§ 904.01 and 904.02, in that it relates to a fact or proposition of consequence to the determination of the action, and its probative value must not be substantially outweighed by the danger of unfair prejudice or confusion of issues under WIS. STAT. § 904.03. State v. Sullivan , 216 Wis. 2d 768, 785-89, 576 N.W.2d 30 (1998).
¶6 Wisconsin courts apply a "greater latitude rule" that permits more liberal admission of other acts evidence in sexual assault cases-particularly those involving children. State v. Marinez , 2011 WI 12, ¶20, 331 Wis. 2d 568, 797 N.W.2d 399. Pursuant to WIS. STAT. § 904.04(2)(b), evidence of "any similar act by the accused is admissible" in criminal proceedings alleging certain defined sexual assault offenses.
¶7 We review the circuit court's admission of other acts evidence under the erroneous exercise of discretion standard. Sullivan , 216 Wis. 2d at 780. A court properly exercises discretion when it considers the facts of record under the proper legal standard and reasons its way to a rational conclusion. Id.
¶8 Although Moreno acknowledges the appropriate standard of review in his brief, his subsequent argument is not properly framed in terms of that standard.[4] Instead, the argument sections of Moreno's briefs seemingly invite this court to determine de novo that Ann's testimony should have been excluded, based upon various factors that could have supported determinations that the evidence was not relevant to a fact or proposition that was of consequence to this action or that any probative value of the testimony was substantially outweighed by the danger of unfair prejudice. We will not engage in such an independent evaluation but, rather, review the circuit court's evidentiary decision for an erroneous exercise of discretion.
¶9 First, the record plainly demonstrates that the circuit court evaluated the proffered other acts evidence under the correct standard of law. Specifically, the court determined that: the evidence was being offered for the permissible purposes of showing motive, intent, plan, and lack of mistake (which Moreno does not contest on appeal); the evidence was, in fact, relevant to establishing such purposes; and Moreno did not meet his burden of proving that the probative value of the other acts evidence outweighed its prejudicial effect. These were the proper considerations for making an admissibility determination under WIS. STAT. § 904.04(2) and Sullivan .
¶10 Next, in reaching its conclusion that the proffered evidence was relevant to establish the purposes for which it was offered, the circuit court placed particular emphasis on two points: (1) the large age difference between Moreno and each of the assaulted individuals; and (2) the similarities in how the acts were committed, including how Moreno arranged to be sleeping in his living room instead of in his own bedroom with girls staying overnight in his trailer, and how he initiated his attacks while the girls were sleeping. As explained below, these and other notable similarities highlight the probative value of the evidence as to Moreno's motive, intent, plan, and lack of mistake-particularly in the context that Moreno and Mary gave differing versions of events. See State v. Dorsey , 2018 WI 10, 379 Wis. 2d. 386, 906 N.W.2d 158 (stating that a witness's credibility is always consequential within the meaning of WIS. STAT. § 904.01 and that "credibility is particularly probative in cases that come down to he-said-she-said") (citing Marinez , 331 Wis. 2d 568, ¶34 ). Establishing a distinct modus operandi is also particularly probative of intent, plan, or identity when an alleged perpetrator denies that any assault occurred. State v. Hurley , 2015 WI 34, ¶¶64, 83-84, 361 Wis. 2d 529, 861 N.W.2d 174. We are satisfied the court's analysis is reasoned and rational, and it falls well within the greater latitude rule for admission.
¶11 The large age difference between Moreno and the assaulted individuals was relevant to and supported the State's motive or intent theory that Moreno sought sexual gratification from engaging in sexual acts with girls much younger than himself. In this regard, the fact that Ann had recently reached the age of majority at the time of the May 2009 incident is less significant than the fact that Moreno was twenty-nine years older than her at that time. It was not necessary that the other act be identical to the charged crime to be admissible. See Sullivan , 216 Wis. 2d 768, 787 (noting that the required degree of similarity between the other act and the charged offense cannot be formulated as a general rule); WIS. STAT. § 904.04(2)(b) (allowing admission of "similar" acts). Nor was it necessary that the other act be a crime, although it seems apparent that-regardless of her age-Ann did not consent to Moreno's initial sexual contact with her while she was sleeping.
¶12 The multiple similarities between the assaults demonstrated a modus operandi that made it less likely that Moreno committed the assault on Mary by mistake, or that Mary somehow misunderstood the nature of the contact. In both incidents, Moreno slept in the living room of his trailer instead of in his own bedroom while a young girl or woman was spending the night there. He then initiated sexual contact with the individual while she was sleeping (i.e., in a vulnerable position), and ultimately inserted his penis into her mouth. Furthermore, the fact that Moreno twice responded to sexual assault allegations against him by claiming that his accuser had sexually assaulted him while he slept was relevant to show that part of his continuing plan was to use the vulnerability of his victims to challenge their credibility.
¶13 In sum, the circuit court properly exercised its discretion when it admitted the other acts evidence. We therefore affirm the judgment of conviction.
By the Court.- Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

This matter involves two victims. Pursuant to Wis. Stat. Rule 809.86(4) (2015-16), we use pseudonyms instead of the victims' names.

The jury acquitted Moreno on another charge involving a different victim, which is not at issue on this appeal.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

We further note that Moreno's reply brief improperly cites to an unpublished per curiam opinion of this court in violation of Wis. Stat. Rule 809.23(3). We admonish counsel for this rule violation.