**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 21, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2018AP2426-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2015CF73

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

MICHAEL S. GREENWALD,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Waushara County: GUY D. DUTCHER, Judge. *Affirmed*.

Before Blanchard, Kloppenburg and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Michael Greenwald appeals a judgment of conviction for felony bail jumping, forgery, uttering a forgery, identity theft, and other crimes. Greenwald argues that the evidence was insufficient to convict him of the felony bail jumping charge. He also argues that the circuit court erred in admitting other acts evidence. We reject these arguments and affirm.

## BACKGROUND

¶2 Greenwald was formerly employed as a herdsman on a dairy farm owned by R.S. The charges for forgery, uttering a forgery, and identity theft were all based on allegations that Greenwald used signed blank checks from R.S.'s farm to purchase heifers for Greenwald's own personal gain. After being charged with these crimes, Greenwald was released on bond and, as a condition of bond, he was required to appear at all court dates. Greenwald subsequently failed to appear at a status conference and was charged with felony bail jumping.

¶3 The State moved to admit evidence that in a different case, Greenwald had entered a no-contest plea to a theft charge for stealing personal property from R.S.'s farm. The circuit court concluded that the evidence was admissible on multiple grounds, including as other acts evidence under *State v. Sullivan*, 216 Wis. 2d 768, 576 N.W.2d 30 (1998), to prove motive, intent, and identity. The court further concluded that the probative value of the evidence outweighed the risk of unfair prejudice.

¶4 Greenwald testified at trial. On the bail jumping charge, he admitted that he knew of the scheduled status conference beforehand and that a condition of his bond was to appear at all court dates. He testified that he failed to appear at the status conference because his attorney advised him that she could handle the

status conference while he attended a court hearing in Florida. The jury found Greenwald guilty on all counts.

## DISCUSSION

¶5 Greenwald makes two arguments on appeal. Greenwald first argues that the evidence was insufficient to convict him of the felony bail jumping charge. "[A]n appellate court may not reverse a conviction unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990).

¶6 Felony bail jumping has three elements: "first, that the defendant was either arrested for, or charged with, a felony …; second, that the defendant was released from custody on a bond, under conditions established by the [circuit] court; and third, that the defendant intentionally failed to comply with the terms of his or her bond." *State v. Dawson*, 195 Wis. 2d 161, 170, 536 N.W.2d 119 (Ct. App. 1995); *see also* WIS. STAT. § 946.49(1) (2013-14).[1]

¶7 Greenwald challenges the sufficiency of the evidence only as to the third element. He argues that there was insufficient evidence to show that he intentionally failed to comply with his bond because the State offered no evidence to rebut his testimony that he failed to appear based on the advice of his attorney.

---

[1] All references to the Wisconsin Statutes are to the 2013-14 version unless otherwise noted. When citing the statutes under which Greenwald was charged, we reference the version that applied at the time of Greenwald's crimes.

We disagree that such rebuttal evidence was necessary. The jury was free to disbelieve Greenwald's testimony regarding his attorney's advice, and the jury could reasonably infer that Greenwald was not being truthful on the topic and acted intentionally. "The function of the jury is to decide which evidence is credible and which is not." *Poellinger*, 153 Wis. 2d at 503.

¶8      We turn to Greenwald's second argument, that the circuit court erred in admitting other acts evidence relating to his alleged theft of personal property from R.S.'s farm. "[T]he decision to admit other-acts evidence is reviewed for an erroneous exercise of discretion." *State v. Lock*, 2012 WI App 99, ¶43, 344 Wis. 2d 166, 823 N.W.2d 378. We generally look for reasons to sustain the circuit court's discretionary decisions. *Id.*

¶9      In addressing the circuit court's decision to admit other acts evidence, we follow the three-prong test from *Sullivan*. First, we ask whether the evidence is "offered for an acceptable purpose under WIS. STAT. § (Rule) 904.04(2), such as establishing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Sullivan*, 216 Wis. 2d at 772. Second, we ask whether the evidence is relevant. *Id.* Finally, we consider whether "the probative value of the other acts evidence [is] substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence. *See* WIS. STAT. § (Rule) 904.03." *Id.* at 772-73.

¶10     "Unfair prejudice results when the proffered evidence has a tendency to influence the outcome by improper means or if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish or otherwise

4

causes a jury to base its decision on something other than the established propositions in the case." *Id.* at 789-90. The party opposing admission of the evidence carries the burden on the third prong of the *Sullivan* test. *See State v. Hunt*, 2003 WI 81, ¶53, 263 Wis. 2d 1, 666 N.W.2d 771.

¶11     Applying the first two prongs of the *Sullivan* test, we agree with the State that the circuit court reasonably concluded that the evidence of Greenwald's theft of personal property from R.S.'s farm was offered to prove, and relevant to, Greenwald's intent and identity for purposes of the forgery, uttering a forgery, and identity theft charges. First, all of these charges have an intent element, *see* WIS. STAT. §§ 943.201(2)(a) and 943.38(1)-(2), and the evidence was at least somewhat probative of Greenwald's intent to interfere with R.S.'s property rights without R.S.'s consent. Second, the evidence was highly relevant to show that Greenwald, rather than someone else, was the individual who used R.S.'s checks to purchase the heifers. Finally, the evidence pertained to events that were relatively close in time, place, and circumstance to the charged crimes. *See Sullivan*, 216 Wis. 2d at 786 (probative value may depend on "the other incident's nearness in time, place and circumstances to the alleged crime").

¶12     Turning to the third prong of the *Sullivan* test, we agree with the State that Greenwald has not met his burden to show that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. Greenwald did not demonstrate in the circuit court, and does not demonstrate now,

that the evidence was likely to "appeal[] to the jury's sympathies, arouse[] its sense of horror, [or] provoke[] its instinct to punish."[2] *See id.* at 789-90.

¶13　Greenwald argues on appeal that the danger of unfair prejudice was high because the circuit court did not provide a cautionary instruction regarding the other acts evidence. However, Greenwald does not show that he requested such an instruction. Accordingly, we consider his argument regarding the cautionary instruction forfeited, and we address it in the framework of ineffective assistance of counsel. Greenwald's challenge fails because he does not show that there is a reasonable probability that providing a cautionary instruction would have led to a different result. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984) (setting forth standards for claims of ineffective assistance of counsel).

　　　*By the Court.*—Judgment affirmed.

　　　This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).

---

[2] When he objected to the other acts evidence in the circuit court, Greenwald's primary argument appeared to be that it would be unhelpful and inappropriate to relitigate the facts of the prior theft case. That argument did not establish unfair prejudice.