COURT OF APPEALS
DECISION
DATED AND FILED

December 12, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.  **2018AP2267-CR**

Cir. Ct. No. **2014CF55**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JOHN L. LOMAX,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Sauk County: MICHAEL P. SCRENOCK, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  John L. Lomax appeals a judgment of conviction and sentence for 40 counts of possession of child pornography.  Lomax contends that the circuit court erred by allowing the State to introduce trial testimony that officers identified a total of 315 "concerning" images on Lomax's computer, since he was charged with possessing only 40 of those images.  We need not and do not decide whether the court erroneously exercised its discretion in allowing this testimony, since we conclude that any error was harmless.  We affirm.

## Background

¶2     The child pornography charges against Lomax stem from a search of his computer pursuant to a warrant.  Officers identified 315 graphic files on Lomax's computer that were "concerning," and from those files, authorities selected 40 images that were charged in the complaint.

¶3     During trial, the State sought to introduce testimony that there were 315 "concerning" images discovered in the search of Lomax's computer, and Lomax objected.  He argued that this testimony was not relevant and that it was unduly prejudicial.  The circuit court allowed the State to introduce the testimony, but limited it to the total number of "concerning" images found on the computer and prohibited the State from displaying or describing those images to the jury.

¶4     A significant portion of the State's case-in-chief focused on the 40 images that were charged in the complaint.  Each of these 40 images was admitted as an exhibit and displayed to the jury with a projector.  A law enforcement agent discussed each image and explained her basis for concluding that it depicted a child in a sexually explicit manner.

¶5    The parties identify only two brief references to the 315 "concerning" images during trial. Consistent with the limitations imposed by the circuit court, these two references were limited to the total number of "concerning" images located on Lomax's computer, from which the 40 charged images were selected. Lomax was found guilty of all charges.

## Discussion

¶6    We review a circuit court's decision to admit or exclude evidence for an erroneous exercise of discretion. *State v. Gutierrez*, 2019 WI App 41, ¶8, 388 Wis. 2d 312, 933 N.W.2d 133. We will uphold a circuit court's discretionary decision "if it examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Id.* (quoted source omitted). The court's discretionary decision whether to admit evidence is subject to the harmless error rule, which is a question of law. *See* WIS. STAT. § 901.03(1) (2017-18)[1] ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected ...."); *see also State v. Hunt*, 2014 WI 102, ¶21, 360 Wis. 2d 576, 851 N.W.2d 434 (whether error was harmless is a question of law).

¶7    Lomax argues that the fact that 315 "concerning" images were found on his computer was not relevant, and that it was unduly prejudicial, and that it also would not have been properly admitted pursuant to the rules governing "other acts" evidence. WIS. STAT. § 904.04(2); *State v. Sullivan*, 216 Wis. 2d 768, 576 N.W.2d 30 (1998). Lomax argues that the circuit court's error in admitting the

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

evidence was not harmless because, he contends, the State's characterization of the 315 images as "concerning" would have communicated to the jury that the images were pornographic, socially improper, or offensive, and would have invited the jury to punish Lomax for possessing them. Lomax also argues that the error was compounded by the lack of a limiting instruction, which may have cured any potential harm from the evidence.

¶8     We need not decide whether the circuit court erred in admitting the testimony because, for the reasons we explain below, we conclude that any error was harmless. An error is harmless if the party that benefited from the error proves "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Hunt*, 360 Wis. 2d 576, ¶26 (quoted source omitted). That is, an error will be deemed harmless only if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Id.* (quoted source omitted).

¶9     As explained above, the State's case focused on the 40 images that were charged. Each of these images was displayed on a projector, and the jury was given a detailed description of the aspects of these images that depicted a child in a sexually explicit manner. Lomax does not explain why a jury would have believed that the images the State chose not to prosecute him with would be more pornographic, more socially improper, or more offensive than the 40 images that the State charged Lomax with possessing.

¶10     Additionally, the two brief references to 315 images were limited to the total number of "concerning" images found on the computer, without any further description or display. It is difficult to conceive that these brief references would have caused the jury to unfairly convict Lomax based on a desire to punish,

if the jury was not otherwise persuaded of Lomax's guilt of possessing the 40 images that had been displayed to the jury and described in detail.

¶11    Finally, if believed, Lomax's defense to the 40 images that were charged would apply equally well to the remaining uncharged images found on his computer.  During trial, Lomax did not challenge the State's contention that the 40 charged images contained child pornography; instead, he denied seeing or viewing child pornography on his computer and suggested that it could have been downloaded without his knowledge.  On appeal, he does not develop any argument that his defense of unknowing possession of child pornography would have been more persuasive had the jury not been informed of the total number of "concerning" images located on Lomax's computer.  Indeed, he appears to concede the point by arguing that "315 photos could exist on a user's computer or other device unbeknownst to the user just as easily as 40 photos."[2]

¶12    For these reasons, we conclude that any assumed error in admitting testimony that there were 315 "concerning" images would have been harmless.

---

[2] In this part of his harmless error argument, Lomax contends that this court should consider that the State introduced the evidence in its case-in-chief, rather than in rebuttal.  Lomax contends that, since he had not yet testified, the State did not have a valid basis for concluding that the evidence would be relevant to rebut his defense because it did not yet know what his defense would be.  However, Lomax does not explain how the timing of the introduction of the evidence is relevant to our analysis of whether the evidence contributed to his conviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.