COURT OF APPEALS
DECISION
DATED AND FILED

October 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2099-CR**

Cir. Ct. No. 2018CT351

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

MICHAEL J. PIERQUET,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Fond du Lac County: DALE L. ENGLISH, Judge. *Affirmed*.

¶1 GUNDRUM, J.[1] Michael Pierquet appeals from a judgment of conviction for operating a motor vehicle with a prohibited blood alcohol

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

concentration (BAC), second offense. He argues that the circuit court erred in admitting at trial the results of an analysis of his blood sample and in affording the results prima facie effect because "the State failed to establish that the analyst who performed the test possessed a valid permit for alcohol testing." For the following reasons, we affirm.

## Background

¶2 Following law enforcement contact related to operating a motor vehicle while intoxicated (OWI), a sample of Pierquet's blood was drawn, which subsequently was received by the Wisconsin State Laboratory of Hygiene on August 10, 2018. Pierquet was charged with OWI and operating with a prohibited BAC, and a jury trial was held on the charges.

¶3 As relevant to this appeal, Kristin Drewieck, an employee of the State Lab of Hygiene who had been employed by the lab since 1993 and is an "advanced chemist and the quality assurance quality control coordinator for the forensic toxicology program," confirmed during her testimony that she and "*all of the analysts* ... at the State Lab [of] Hygiene ... hold" a "valid alcohol analysis permit issued by the state." (Emphasis added.) Later in her testimony, she acknowledged that while she herself did not analyze Pierquet's blood sample at the lab, another lab analyst, Michelle Ehlers, did so on August 23, 2018.

¶4 When the State questioned Drewieck as to the level of alcohol in Pierquet's blood sample, counsel for Pierquet objected "on foundation." The circuit court overruled the objection, and Drewieck testified that the alcohol level was .189 BAC. Outside the presence of the jury, counsel later explained that his foundation objection was based upon WIS. STAT. § 907.02, "Testimony by experts," asserting that Drewieck "gave an expert opinion that … the manner in

2

which she reviews the documents can get her to the test result is correct. I don't think [the State] established a sufficient foundation under [§ ]907.02 that that manner is an appropriate manner for doing it." The court again overruled the objection, explaining that Drewieck

> testified as to what the general procedure was at the time. She testified as to how things are normally done. She testified what her peer review consisted of. And she testified as to her independent opinion that there was ethanol in the blood and what the level was based on her analysis.

The court stated that it was "comfortable with how the evidence was presented" and maintained its decision overruling counsel's foundation objection.

¶5    Following the close of testimony, during the jury instruction conference, counsel objected to a portion of a jury instruction indicating that the blood alcohol results are to be given prima facie effect. Counsel stated:

> I don't think that the State has established that the provisions of [WIS. STAT. § ]343.305 have been complied with. I think compliance is required to get the presumptions. And I think under [§] 343.305(6), they have to establish that the person drawing the blood has to have a valid permit for drawing the blood. I don't think that they've established that here. So I don't think the prima facie fact language gets in.

The court disagreed stating, "I think that the record is sufficient to allow for that. So … that language is going to remain in."

¶6    Pierquet was found not guilty on the OWI charge but guilty on the prohibited BAC charge and now appeals his conviction.

*Discussion*

¶7 Pierquet contends the circuit court erred in admitting the .189 BAC results and in giving the results prima facie effect. His argument centers completely on his position that the State failed to establish that the lab analyst who performed the analysis on his blood sample possessed a valid permit, as required by WIS. STAT. § 343.305(6)(a), "and/or that the permit was valid on the day she analyzed Mr. Pierquet's blood."

¶8 We will not reverse a circuit court's decision to admit evidence at a trial unless the appellant, here Pierquet, demonstrates that the court erroneously exercised its discretion. *See **Gaethke v. Pozder***, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 ("[O]n appeal 'it is the burden of the appellant to demonstrate that the [circuit] court erred.'" (second alteration in original; citation omitted)); ***State v. Weed***, 2003 WI 85, ¶9, 263 Wis. 2d 434, 666 N.W.2d 485 ("The circuit court has broad discretion in determining the relevance and admissibility of evidence and its decision will not be reversed absent an erroneous exercise of discretion."). Additionally, "[a] circuit court has broad discretion in deciding whether to give a requested jury instruction." ***State v. Stietz***, 2017 WI 58, ¶12, 375 Wis. 2d 572, 895 N.W.2d 796.

¶9 To begin, Pierquet's challenge to the admission of the BAC results fails right out of the gate because he raised no objection at trial to the admission of this evidence on the basis that the State had not established that the analyst who analyzed his blood sample possessed a valid permit. His only challenge to the admission of the results was based upon WIS. STAT. § 907.02. Because he failed to raise at trial the challenge he now raises regarding admission of the results, he forfeited this challenge. *See **State v. Rogers***, 196 Wis. 2d 817, 826-27, 539

N.W.2d 897 (Ct. App. 1995). But even if he had not forfeited this challenge, it would nonetheless fail on the merits for the reasons noted below with regard to his challenge related to the prima facie effect of his BAC results. *See infra* ¶¶10-12.

¶10    As to Pierquet's challenge to the circuit court instructing the jury as to the prima facie effect of those results, we conclude the circuit court did not err in its determination that "the record is sufficient to allow for that." Indeed, we agree the record is sufficient.

¶11    On appeal, we are to search the record for evidence sustaining the circuit court's discretionary decisions. *State v. Sullivan*, 216 Wis. 2d 768, 781, 576 N.W.2d 30 (1998) ("When a circuit court fails to set forth its reasoning, appellate courts independently review the record to determine whether it provides a basis for the circuit court's exercise of discretion."). Here, we need not look far as Drewieck testified that Ehlers was the lab analyst who analyzed Pierquet's blood sample and that "all of the analysts ... at the [lab] … hold" a "valid alcohol analysis permit issued by the State." Since Ehlers is one of "all" of the analysts, Drewieck effectively testified that Ehlers held the permit that Pierquet claims is necessary for the blood test results to be given prima facie effect. The court did not erroneously exercise its discretion.

¶12    Although Pierquet fails to develop an argument on the point, he briefly suggests that the BAC results should not have been admitted or given prima facie effect because the State failed to establish that the analyst had a permit that was valid "on the day" she analyzed Pierquet's blood sample. He is mistaken. At the jury instruction conference, Pierquet argued that the State has to "establish that the person drawing the blood has … a valid permit for drawing the blood. I don't think that they've established that here. So I don't think the prima facie fact

language gets in." The circuit court "disagree[d]" and, as noted, found that "the record is sufficient to allow for that." Implicit in this exchange is the finding by the court that analyst Ehlers did not just have a valid permit at some time in her life, but had a valid permit when she analyzed Pierquet's blood sample. This finding is sufficiently supported by Drewieck's testimony that "all of the analysts ... at the State Lab [of] Hygiene ... hold" a "valid alcohol analysis permit issued by the State." This testimony indicates that Ehlers could not have been an analyst at the lab unless she held "a valid alcohol analysis permit issued by the State." And there is no dispute that Ehlers was in fact an analyst at the lab at the time she analyzed Pierquet's sample. Therefore, the court made no error in utilizing the prima facie jury instruction or in admitting the testimony as to the results of the analysis of Pierquet's blood.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.