COURT OF APPEALS
DECISION
DATED AND FILED

May 13, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.  2024AP897-CR**

Cir. Ct. No. 2018CF113

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-APPELLANT,

 V.

MICHAEL J. KIMMEL,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Calumet County: JEFFREY S. FROEHLICH, Judge. *Reversed in part and cause remanded with directions*.

Before Neubauer, P.J., Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The State appeals an order granting Michael J. Kimmel a new trial on three-counts of first-degree sexual assault of a child following postconviction proceedings. The State argues: (1) the circuit court properly admitted other-acts evidence relating to earlier physical abuse of the victim; (2) Kimmel failed to prove ineffective assistance of counsel; and (3) Kimmel is not entitled to relief under the plain-error doctrine or in the interest of justice. We agree and reverse the portion of the order granting a new trial.[1]

## BACKGROUND

¶2 In September 2016, police went to the home of four-year-old Sarah[2] after her school reported concerns about child abuse. When officers arrived, they observed visible injuries to Sarah's face. Sarah told police Kimmel had hurt her and said she was afraid of him. Sarah's mother insisted Sarah was lying and defended Kimmel. Based on concerns for Sarah's safety and her mother's inability to protect her, Sarah was removed from the home. Kimmel was later convicted of child abuse arising out of that incident.

¶3 In February 2018, Sarah disclosed that Kimmel had also sexually assaulted her before his 2016 arrest. She later made additional disclosures, and the State charged Kimmel with three counts of first-degree sexual assault of a child. Before trial, the State moved to admit limited evidence concerning the 2016 physical abuse. The circuit court granted the motion, concluding the evidence was admissible to provide context and background, to bear on Sarah's credibility, and to

---

[1] The State does not challenge the portions of the order granting resentencing and additional sentence credit, and those portions of the order are not before us.

[2] We use a pseudonym for the victim pursuant to WIS. STAT. RULE 809.86(4) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

explain delayed reporting. The court excluded photographs of Sarah's injuries and indicated it would give a limiting instruction.

¶4    At trial, the jury heard Sarah's recorded disclosures describing sexual contact and sexual intercourse. The State also presented evidence about the 2016 physical abuse, including testimony from police officers, a social worker, Sarah's school counselor, and Jennifer Yates, the nurse practitioner who examined Sarah in 2016. Before deliberations, the circuit court instructed the jury that the other-acts evidence could be considered only on the issues of opportunity, context or background, and assessment of credibility, and that it could not use this evidence to conclude Kimmel was a bad person or acted in conformity with a character trait. The jury found Kimmel guilty on all three counts.

¶5    Kimmel moved for postconviction relief and sought resentencing. At the postconviction motion hearing, Kimmel's trial counsel testified that he opposed the other-acts physical abuse evidence before trial, believed the circuit court's ruling made the evidence admissible, and chose not to make repeated objections because he did not want to draw further attention to the evidence. The court granted Kimmel a new trial, concluding counsel performed deficiently by failing to object to what the court viewed as cumulative and partially overbroad physical-abuse testimony, and by failing to object to a statement in the State's closing argument. The State appeals.

## OTHER-ACTS EVIDENCE

¶6    The State first argues the circuit court properly admitted the 2016 physical-abuse evidence. We review a court's decision to admit other-acts evidence for an erroneous exercise of discretion. *State v. Hurley*, 2015 WI 35, ¶28, 361 Wis. 2d 529, 861 N.W.2d 174. Under *State v. Sullivan*, 216 Wis. 2d 768, 772-73,

576 N.W.2d 30 (1998), the court considers whether: (1) the evidence was offered for a permissible purpose; (2) it was relevant; and (3) its probative value was substantially outweighed by the danger of unfair prejudice. In child-sexual-assault cases, the greater-latitude rule applies. *State v. Davidson*, 2000 WI 91, ¶51, 236 Wis. 2d 537, 613 N.W.2d 606. That rule permits more liberal admission of other-acts evidence in child-sexual-assault cases than in other cases. *See id.*

¶7     Kimmel does not challenge the first *Sullivan* prong on appeal. He argues only that the evidence was not relevant and that any probative value was substantially outweighed by the danger of unfair prejudice. We therefore address only those disputed prongs.

¶8     The circuit court reasonably found the evidence relevant. Sarah's disclosures placed the sexual assaults before Kimmel's September 2016 arrest, and Danielle Burich, a social worker, testified Sarah linked the end of the assault to when Kimmel was arrested, which occurred in 2016 when he was charged with child abuse. The evidence therefore helped explain why Sarah was afraid of Kimmel and why she did not immediately disclose sexual abuse when the physical abuse was discovered. The court was not required to accept Kimmel's argument that the sexual and physical assaults were unrelated.

¶9     The circuit court also reasonably concluded the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *See State v. Hunt*, 2003 WI 81, ¶53, 263 Wis. 2d 1, 666 N.W.2d 771. The evidence involved the same victim and the same perpetrator and helped explain Sarah's fear of Kimmel and the delayed nature of her disclosures. The court reduced the danger of unfair prejudice by excluding photographs and giving a limiting instruction. Applying the greater-latitude rule, the court reached a conclusion a reasonable judge

could reach. We therefore reject Kimmel's challenge to the admission of the other-acts evidence.

## INEFFECTIVE ASSISTANCE OF COUNSEL

¶10 The State next argues the circuit court erroneously granted a new trial on ineffective-assistance grounds. A defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the defendant fails to prove one prong, the court need not address the other. *Id.* at 697. Whether counsel rendered ineffective assistance presents a mixed question of fact and law. *See State v. Manuel*, 2005 WI 75, ¶26, 281 Wis. 2d 554, 697 N.W.2d 811. We uphold the court's findings of fact unless they are clearly erroneous, but we review the legal questions of deficient performance and/or prejudice independently. *Id.*

¶11 Kimmel's first claim of ineffectiveness is that defense counsel should have requested narrower limits of some of the "other acts" physical-abuse testimony and objected to the scope of that testimony more often at trial. We resolve this issue on prejudice. Kimmel has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, ¶72 (citation omitted).

¶12 Sarah's recorded statements in her two forensic interviews with the Child Advocacy Center (CAC) gave the jury direct evidence of the assaults. In her February 2018 interview, Sarah described Kimmel pulling down her pants, placing her under a blanket, lying on top of her, touching her "pee part" with his finger, and telling her not to tell anyone. In her November 2018 interview, Sarah disclosed additional sexual assaults and described them in language and detail the jury could reasonably view as age-appropriate and unlikely for a child of her age to invent.

¶13 The State also presented evidence from Tiffany Schuette, Sarah's school counselor, regarding Sarah's November 2018 disclosure. Schuette testified that Sarah said that Kimmel "put her under a pillow and took off her clothes and humped her, and then she said that he laid on her and showed her his wiener." Schuette testified that Sarah was not comfortable saying the word "wiener" out loud, even though it was just the two of them in the room, and instead whispered it in her ear. Schuette also testified that Sarah said Kimmel "rolled her to the ground and put his private parts in the hole on her bottom." The State presented evidence that delayed and piecemeal disclosures from victims are not unusual in child-sexual-assault cases. Viewed as a whole, this evidence gave the jury a strong basis to credit Sarah's disclosures, and Kimmel has not shown a reasonable probability that, absent the challenged testimony, the result of the trial would have been different. The additional prejudice Kimmel attributes to the complained-of testimony does not undermine confidence in the verdict.

¶14 Kimmel's next ineffectiveness argument is that defense counsel should have objected to the prosecutor's closing remark that when a child makes a statement during a CAC interview, "it's the truth." Even if defense counsel should have objected, that single statement does not establish prejudice in the context of the entire trial. The jury was instructed that it alone determined witness credibility. On this Record, there is no reasonable probability an objection to that statement would have changed the outcome.

¶15 Finally, Kimmel argues trial counsel was ineffective for failing to object to several witnesses' testimony that he characterizes as improperly vouching for Sarah's credibility. Even assuming some of those statements drew too close to commenting on credibility, an issue we do not decide, Kimmel has not shown prejudice. In light of Sarah's statements, Schuette's testimony, and the other

6

evidence supporting the convictions, there is no reasonable probability the result of the trial would have been different had counsel objected to the challenged testimony. Because Kimmel has not shown prejudice, his individual ineffective-assistance claims fail. For the same reason, his cumulative-prejudice argument fails. Therefore, the circuit court erred when it concluded Kimmel proved his trial counsel was ineffective and ordered a new trial.

## PLAIN ERROR AND INTEREST OF JUSTICE

¶16 The State also argues Kimmel is not entitled to plain-error relief. "The plain error doctrine allows appellate courts to review errors that were otherwise waived by a party's failure to object." *State v. Jorgensen*, 2008 WI 60, ¶21, 310 Wis. 2d 138, 754 N.W.2d 77. The error must be fundamental, obvious, and substantial. *Id.* For the reasons already discussed, Kimmel has not shown such an error. The other-acts evidence was properly admitted, and Kimmel has not shown that the complained-of trial events prejudiced him.

¶17 Finally, the State argues there is no basis for discretionary reversal in the interest of justice. We exercise that power only exceptionally, where the real controversy has not been fully tried or justice has miscarried. *See State v. Zdzieblowski*, 2014 WI App 130, ¶24, 359 Wis. 2d 102, 857 N.W.2d 622. We agree with the State that this is not such a case. The real controversy—whether Kimmel sexually assaulted Sarah—was fully tried before the jury. There is no basis to disturb the verdict in the interest of justice.

## CONCLUSION

¶18 Based on the foregoing, we conclude the circuit court erred when it decided Kimmel's trial counsel was ineffective and granted Kimmel's request for a

new trial. We therefore reverse the portion of the postconviction order granting a new trial, and order the circuit court to reinstate the jury's verdict. Because the State does not challenge that part of the circuit court's order requiring resentencing and giving Kimmel one additional day of sentence credit, we do not disturb that part of the circuit court's order and remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed in part and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.